UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

REBECCA CAMPBELL

Plaintiff,

v.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES,

Defendant.
_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, REBECCA CAMPBELL, by and through the undersigned attorney, hereby files this Complaint for Damages and Demand for Jury Trial and sues Defendant, CARNIVAL CORPORATION, d/b/a CARNIVAL CRUISE LINES, (hereinafter "CCL"), and alleges as follows:

**GENERAL ALLEGATIONS**

1. This is an action seeking damages in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest, costs, and attorneys' fees.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1333 and 1332. Further, this matter is being filed in the United States District Court for the Southern District of Florida located in Miami-Dade County, Florida, as required by the forum selection clause contained within the Cruise Ticket Contract issued by Defendant. Upon information and belief, Defendant is in possession of a copy of the subject Ticket Contract.

3. At all times material hereto, REBECCA CAMPBELL is and was a resident of the State of Ohio.

4. At all times material hereto, CCL was incorporated in Panama, and has its principal place of business in Miami, Florida.

5. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

6. At all times material hereto, CCL owned, operated, maintained, managed, and/or controlled the cruise ship the *Carnival Liberty*.

7. On or about September 19, 2019, REBECCA CAMPBELL was a fare-paying passenger aboard the *Carnival Liberty*.

8. On or about September 19, 2019, as REBECCA CAMPBELL was exiting the hot tub she stepped on the hot tub drain cover which was unsecured and unstable and caused her to fall hitting her head, right shoulder, and right hip on the deck.

9. As a result of this incident, REBECCA CAMPBELL sustained serious injury.

10. NOTICE: Upon information and belief, CCL knew or should have known that the subject hot tub was unreasonably dangerous as a result of its knowledge of prior similar incidents that occurred on that hot tub aboard the *CARNIVAL Liberty* and other vessels in its fleet of cruise ships. Moreover, upon information and belief CCL has received several passenger complaints/comments about the unreasonably dangerous nature of the hot tubs in its fleet. In addition, upon information and belief, knew or should have known that the hot tubs on the *CARNIVAL Liberty* were unreasonably dangerous as a result of its participation design and construction of the *CARNIVAL Liberty* and approval of the design.

## COUNT I
## NEGLIGENT FAILURE TO WARN

Plaintiff hereby adopts and incorporates paragraphs 1 through 10 as if fully set-forth herein, and alleges as follows:

11. <u>DUTIES OWED:</u> At all times material hereto, CCL had the duty to use reasonable care under the circumstances, and to maintain and operate its vessel, the *CARNIVAL LIBERTY*, in a reasonably safe condition and manner. *See, Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318, 1321 (11th Cir. 1989). Cruise lines owe their passengers a duty to warn of known or foreseeable dangers which are not open and obvious. *See, Brown v. CCL Corporation,* 202 F.Supp. 3d 1332 (S.D. Fla. 2016)(J. Ungaro)(citing *Witover v. Celebrity Cruises, Inc.,* 161 F. Supp. 3d. 1139, 1146 (S.D. Fla. 2016).

12. CCL is vicariously liable for the negligent acts and omissions of its employees, agents, and/or independent contractors committed during the course and scope of their employment with CCL including their failure to reasonably warn the Plaintiff about the unreasonably dangerous nature of the hot tub.

13. CCL breached the aforementioned duties of care owed to REBECCA CAMPBELL by failing to reasonably warn passengers that exiting the hot tub was dangerous; failing to warn passengers that the plastic drain covers were loose, unstable, and were a hazard if stepped on; failing to warn that the drain covers float and/or come loose which renders them unstable and dangerous; failing to warn that these conditions described above render the process of exiting the hot tub dangerous.

14. As a direct and proximate result of the aforementioned negligence of CCL, Plaintiff, REBECCA CAMPBELL, was injured, suffered physical impairment and/or disability, mental anguish, loss of capacity for the enjoyment of life, pain and suffering, the aggravation of

pre-existing conditions, inconvenience, disability, loss of earnings and/or wages, loss of earning potential, and incurred the costs of reasonable and necessary medical expenses for the treatment of her injuries. These losses and injuries are permanent and continuing in nature, and Plaintiff will continue to suffer them in the future.

**WHEREFORE,** the Plaintiff demands Judgment against the Defendant for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, aggravation of a previously existing condition, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT II
## NEGLIGENT DESIGN, CONSTRUCTION, AND/OR APPROVAL

Plaintiff hereby adopts and incorporates paragraphs 1 through 10 as if fully set-forth herein, and alleges as follows:

15. <u>DUTIES OWED:</u> At all times material hereto, CCL had the duty to use reasonable care under the circumstances, and to maintain and operate its vessel, the *CARNIVAL LIBERTY*, in a reasonably safe condition and manner. *See, Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318, 1321 (11th Cir. 1989). The cruise line had the duty to use reasonable care in designing, constructing, and approving the areas of the vessel which the cruise line participated in either designing, construction, or approving. *Groves v. Royal Caribbean Cruises, Ltd.,* 463 F. Appx. 837 (11th Cir. 2012).

16. CCL is vicariously liable for the negligent acts and omissions of its employees, agents, and/or independent contractors committed during the course and scope of their employment with CCL including their failure to reasonably design, construct, and inappropriate approval of the unreasonably dangerous nature of hot tub.

17. CCL breached the aforementioned duties of care owed to REBECCA CAMPBELL by: failing to ensure that the hot tub was properly and safely designed; failing to provide a reasonably safe hot tub exit pathway for passengers, including REBECCA CAMPBELL, to use under foreseeable conditions; failing to provide a means of exiting the hot tub that was reasonably slip-resistant under foreseeable operating conditions including, when wet; failing to comply with applicable building, construction, design, and safety codes, industry standards, and regulations; failing to reasonably secure the hot tub drain covers, and other acts of negligence to be discovered throughout discovery.

18. As a direct and proximate result of the aforementioned negligence of CCL, Plaintiff, REBECCA CAMPBELL, was injured, suffered physical impairment and/or disability, mental anguish, loss of capacity for the enjoyment of life, pain and suffering, the aggravation of pre-existing conditions, inconvenience, permanent disability, loss of earnings and/or wages, loss of earning potential, and incurred the costs of reasonable and necessary medical expenses for the treatment of her injuries. These losses and injuries are permanent and continuing in nature, and Plaintiff will continue to suffer them in the future.

**WHEREFORE,** the Plaintiff demands Judgment against the Defendant for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the

past and in the future including pain, suffering, disability, aggravation of a previously existing condition, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT III
## NEGLIGENT MAINTENANCE OF THE HOT TUB DRAIN COVERS

Plaintiff hereby adopts and incorporates paragraphs 1 through 10 as if fully set-forth herein, and alleges as follows:

19. <u>DUTIES OWED:</u> At all times material hereto, NCL had the duty to use reasonable care under the circumstances, and to maintain and operate its vessel, the *CARNIVAL Liberty*, in a reasonably safe condition and manner. *See, Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318, 1321 (11th Cir. 1989).

20. CCL is vicariously liable for the negligent acts and omissions of its employees, agents, and/or independent contractors committed during the course and scope of their employment with CCL.

21. CCL breached the aforementioned duties of care owed to Plaintiff by: failing to comply with manufacturer standards/guidelines for maintaining the hot tub drain covers; failing to utilize a reasonable and appropriate maintenance practice and schedule for the hot tub drain covers; failing to replace the hot tub drain covers when it was reasonable to do so; failing to reasonably secure the hot tub drain covers, and failing to use reasonable care in the maintenance of the hot tub.

22. As a direct and proximate result of the aforementioned negligence of CCL, Plaintiff, REBECCA CAMPBELL, was injured, suffered physical impairment and/or disability, mental anguish, loss of capacity for the enjoyment of life, pain and suffering, the aggravation of

pre-existing conditions, inconvenience, permanent disability, loss of earnings and/or wages, loss of earning potential, and incurred the costs of reasonable and necessary medical expenses for the treatment of her injuries. These losses and injuries are permanent and continuing in nature, and Plaintiff will continue to suffer them in the future.

**WHEREFORE,** the Plaintiff demands Judgment against the Defendant for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, aggravation of a previously existing condition, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Dated: July 15, 2020
Coral Gables, Florida                                  Respectfully Submitted,

**FLANAGAN PERSONAL INJURY &
WRONGFUL DEATH LAW FIRM, P.A.**
*Counsel for Plaintiff*
2 Alhambra Plaza
Suite 620
Coral Gables, Florida 33134
Tel: (305) 638 – 4143
Fax: (305) 397 - 2636

By:     */s/ Michael T. Flanagan*
          Michael T. Flanagan, Esq.
          Fla. Bar No. 0091072

Primary E-mail: mtf@Florida-Justice.com
Secondary E-mail: mtfassistant@Florida-Justice.com